# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN R. SHAY, | ) |
| Petitioner, | ) Civil Action No. 19-213 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| WARDEN GILMORE; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) Re: ECF No. 11 |
| Respondents. | ) |

## ORDER

Kevin R. Shay ("Petitioner"), in the above-captioned matter has submitted for filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), and was granted leave to proceed *in forma pauperis*. ECF No. 3. The Petition was then filed. ECF No. 4. The Petition raised one Ground For Relief, namely, that when Petitioner was resentenced by the trial court for the convictions or probation revocations (under which sentences he is currently serving), the trial court failed to give him credit against these sentences for a period of time that he was incarcerated under these convictions. Respondents have now filed a brief Answer, wherein the sole defense raised is an assertion that the question of whether Petitioner has been improperly denied credit against his sentences implicates only a state law claim that is not cognizable by means of a federal habeas corpus petition. Respondents cited Pringle v. Court of Common Pleas, 744 F.2d 297, 299-300 (3d Cir. 1984) in support of their contention. ECF No. 13 at 8. We doubt that Pringle stands for the broad proposition that

sentencing credit claims only ever raise a state law issue given that such a question was not present in Pringle. Rather, the question in Pringle was whether a challenge to the sentence which was described as "an independent state claim based on an alleged defect in a state-court sentencing procedure," id. at 300, needed to be exhausted for purposes of determining whether the federal habeas petition was a mixed petition. The United States Court of Appeals for the Third Circuit in Pringle decided that the state sentence claim did not need to be exhausted because it was indeed a state law claim and only federal law claims need to be exhausted prior to bringing such federal law claims in a federal habeas petition. The Third Circuit Court in Pringle did not hold that all state sentencing credit claims raise solely state law issues.

Hence, we doubt the accuracy of Respondents' contention that the issue of sentencing credits under state law does not implicate any federal constitutional challenge. See, e.g., U.S. ex rel. Di Rienzo v. State of N.J., 423 F.2d 224, 226 (3d Cir. 1970) ("Assuming the invalidity of the 1961 sentence as alleged by relator, these cases support his contention that, when his District Court petition was filed in August 1968, he was in custody under a February 1968 sentence **which violated the Constitution since it failed to give him credit, clearly mandated by N.J.Crim.Prac. Rule 3:7-10(h)** (now R. 3:21-8), for the time he had served on the allegedly unconstitutional 1961 sentence between December 5, 1966, and May 19, 1967.") (emphasis added). Cf. Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989) (it can be an Eighth Amendment violation if a prisoner overserves time in prison beyond his sentence due to an error).

In light of the foregoing, we hereby order Respondents to file a Supplemental Answer. In that Supplemental Answer, Respondents shall comply with this Court's previous order directing an Answer, ECF No. 7, which required that the Answer "shall address," inter alia, "the

2

exhaustion of state court remedies as required by 28 U.S.C. § 2254(b) and ... if appropriate, whether any of the claims were procedurally defaulted, and, 3) the merits of the Petition." Id. at 6 – 7. Accordingly, whatever other questions Respondents may wish to address, the Supplemental Answer shall specifically answer the following questions:

1) Did Petitioner ever raise Ground One in an appeal to the Pennsylvania appellate Courts?

2) If so, did the Appellate Courts address the claim raised in Ground One?

3) Was Ground One procedurally defaulted?

4) Was Petitioner's sentence(s) properly credited under state law, and Respondents must provide an analysis of which periods of incarceration (related to his conviction(s) and/or probation violations) were credited against his present sentence(s) and specifically address Petitioner's contentions regarding the crediting of his sentence(s), i.e., that he was not credited for "time served for the years he spent in prison prior to resentencing" which resentencing apparently occurred on December 11, 2015. ECF No. 4 at 5.

Respondents should attach as exhibits to the Supplemental Answer all relevant trial-level and appellate-level court opinions, as well as appellate briefs, and any PCRA petitions and no-merit letters filed.

Respondents should also cause the original state court record to be lodged with the Clerk of Courts.

The Supplemental Answer should be filed no later than July 17, 2019.

Petitioner also filed a "Motion for Extraordinary Relief," ECF No. 11, wherein he sought an order from this Court directing Respondents to "issue a response to the above captioned

3

matter filed on February 26, 2019 before June 9, 2019." Id. ¶ 1. Petitioner explains the importance of June 9, 2019, as the date when he would first become eligible for parole **if** he is correct about his sentences being improperly credited. In light of the fact that Respondents have filed their Answer, Petitioner's Motion for Extraordinary Relief is DENIED as moot. While the Court understands Petitioner's desire for a resolution of this case as soon as possible, the intricacies of habeas law and the realities of litigation simply do not permit a resolution of Petitioner's habeas Petition prior to June 9, 2019. The Petition will be addressed in the ordinary course with due consideration for Petitioner's claims and in light of the Respondents' Supplemental Answer.

Date: June 17, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  KEVIN R. SHAY
LH1546
SCI Greene
169 Progress Dr.
Waynesburg, PA 15370

All Counsel of record via EM-ECF