# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN R. SHAY, | )<br>) |
| Petitioner, | )<br>) Civil Action No. 19-213<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) |
| WARDEN GILMORE; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) Re: ECF Nos. 22, 26, 31 and 32<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>)<br>) |

## ORDER

Kevin R. Shay ("Petitioner"), in the above-captioned matter has submitted for filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and was granted leave to proceed *in forma pauperis*. ECF No. 3. Petitioner has recently filed four motions, which, for the reasons stated below, will be denied in light of the fact that Petitioner has not demonstrated that he exhausted his state court remedies with respect to the claims raised in the three Motions, all of which claims arose after the filing of the Petition.

### I. PROCEDURAL HISTORY

The Petition was formally filed on March 1, 2019. ECF No. 4. Petitioner raised one Ground for Relief, challenging the crediting of his sentences in two cases, namely, Commonwealth v. Shay, CP-02-CR-0000290-2006 (Court of Common Pleas Allegheny County) and Commonwealth v. Shay, CP-02-CR-0000918-2007 (Court of Common Pleas Allegheny County), both of which are now assigned to the Honorable Jill Rangos. ECF No. 4 at 1 (listing the dockets of the case numbers being challenged). Petitioner alleged that when the trial court

resentenced him, the trial court failed to give him credit against these sentences for a period of time that he was incarcerated under these convictions. Specifically, Petitioner sought credit for the time period from October 29, 2013 to December 11, 2015. Id. at 5; ECF No. 4-3 at 3. Respondents filed an Answer, ECF No. 13, wherein the sole defense raised was an assertion that the question of whether Petitioner has been improperly denied credit against his sentences implicates only a state law claim that is not cognizable by means of a federal habeas corpus petition. The Court ordered Respondents to file a Supplemental Answer, no later than July 17, 2019, addressing specific questions raised by the Court. ECF No. 14. Respondents filed their Supplemental Answer on July 17, 2019, in compliance with the Court's Order. ECF No. 16.

Respondents conceded in their Supplemental Answer that Petitioner may be correct in his contention that his sentences are not being correctly credited. However, Respondents further pointed out that Petitioner procedurally defaulted his claim in state court which would preclude this Court from providing federal habeas relief. However, Respondents further pointed out that Petitioner may have state court relief available to him. Indeed, Respondents went so far as to assert that "Respondents submit that although the instant habeas petition is barred from habeas relief, there may be a simple way to correct this matter in state court. Undersigned counsel shall bring this matter to the trial/sentencing court's attention promptly." ECF No. 16 at 10.

The Court ordered Petitioner to file a response to the Supplemental Answer. ECF No. 17. Petitioner filed a Response to Supplemental Answer and asked this Court to order the Court of Common Pleas to resentence him. Petitioner failed to address the issue of procedural default. ECF No. 20.

However, in light of the Respondents' representation regarding the potential availability of a state court remedy and that they would bring this issue to the state sentencing court's

2

attention, on August 5, 2019, this Court ordered Respondents to file a status report with this Court, no later than September 5, 2019, concerning when the Allegheny County District Attorney's Office made their filing in state court, seeking to bring to the sentencing court's attention the apparent error in crediting of Petitioner's sentence and further ordered Respondents thereafter to file a monthly status report as to what progress such proceedings are making in state court. ECF No. 21.

On August 14, 2019, Petitioner filed a "Motion for Additional Time Credit and Correction of Sentence" ("Motion for Additional Time Credit") in this action. ECF No. 22. In that Motion for Additional Time Credit, Petitioner sought credit for the period of time from August 24, 2012 to October 29, 2013 against his sentences imposed at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) and Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County).

On August 21, 2019, Respondents filed their first Status Report, ECF No. 23, wherein they indicated to this Court that they had alerted Judge Rangos to the issue of Petitioner deserving credit for the time period from October 29, 2013 to December 11, 2015 against his sentences at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) and Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County). Respondents further indicated that Judge Rangos issued an order on August 16, 2019 ("Judge Rangos' August 16, 2019 Order"), granting Petitioner that credit against his two sentences for the identified time period.

On September 4, 2019, Petitioner filed a Response to the Status Report, ECF No. 24, wherein he concedes that he received the October 29, 2013 – December 11, 2015 credit against

the two sentences. In the Response, Petitioner again sought additional credit for the time period from August 25, 2012 to October 29, 2013 against those same two sentences. ECF No. 24.[1]

On October 4, 2019, this Court ordered Respondents to file a response to Petitioner's Motion for Additional Time Credit. ECF No. 25.

On October 22, 2019, Petitioner filed yet another Motion, which he called a "Motion to Compel," ECF No. 26, wherein he complained that in Judge Rangos' August 16, 2019 Order, she committed a clerical error in that although she explicitly gave him credit for the time sought from October 29, 2013 to December 11, 2015, she erred in not including in that Order all of the other periods of time that she had previously ordered him to receive credit for against his two sentences at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) and Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County). Petitioner appears to assert that this "missing" time credit was from December 3, 2010 to August 3, 2011, which this Court calculates to amount to a period of 243 days. ECF No. 26 at 4. In support of his contention that Judge Rangos erred in her August 16, 2019 Order, Petitioner attached a Grievance Response from the Pennsylvania Department of Corrections ("DOC"), indicating that the DOC would not give Petitioner credit against the sentence imposed at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) for a period of 179 days,[2] ECF No. 26-2,

---

[1] We note a slight discrepancy between ECF No. 22 and ECF No. 24. In ECF No. 22, Petitioner asserts the start date of the credit he seeks as August 24, 2012, whereas in ECF No. 24, Petitioner asserts the start date of the credit he seeks as August 25, 2012.

[2] Petitioner does not explain the discrepancy between the request of 179 days of credit that he apparently sought in the DOC grievance process (which does not specify how these 179 days of credit were calculated or the period of time to which this 179 days applies) and the period of time from October 29, 2013 to December 11, 2015 (which we calculate to be 243 days), which

4

because Judge Rangos' August 16, 2019 Order "does not state that you should also be entitled to the additional 179 days that you are requesting." Id.

On October 28, 2019, the Court ordered Respondents to file a Response to Petitioner's Motion to Compel. ECF No. 29. In the Order, the Court directed that Respondents could file one Response to both Petitioner's Motion for Additional Time Credit and his Motion to Compel.

On October 29, 2019, Respondents filed their Response. ECF No. 30. In their Response, they replied to Petitioner's Motion for Additional Credit, and indicated that Petitioner received credit for that time period from August 24, 2012 to September 19, 2012 against his sentence imposed for yet a third case, namely, Commonwealth v. Shay, CP-02-CR-0012705-2011 (Allegheny County), a case tried in front of the Honorable Thomas Flaherty. Respondents pointed out that under relevant state law, Petitioner was not entitled to credit against the other two sentences (at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) and Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County)) as well, for this period of time as it would result in double crediting. However, Respondents conceded that Petitioner was held from September 20, 2012 to October 29, 2013 due to his probation violations at either Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) or Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County). ECF No. 30 at 2 ¶ 7. Respondents specifically concede that "Petitioner would be entitled to time credit from September 19, 2012 to October 29, 2013." Id. at 3 ¶ 10. Respondents further indicate that they will "serve a copy of this pleading to the Common Pleas judge and advise[] that the Commonwealth believes Petitioner is entitled to time credit for the above-noted time period." Id. ¶ 11.

---

Petitioner alleged, in his Motion to Compel, had been previously credited but allegedly improperly excluded from Judge Rangos' August 16, 2019 Order.

5

In response to Petitioner's Motion to Compel, Respondents assert that Petitioner previously received credit against his sentences for the period of time from December 3, 2010 to August 3, 2011 and so he is not entitled to receive that credit again. Id. at 3 - 4. However, Respondents fail to account for the DOC Grievance Response, which seemingly indicates that the credit from October 29, 2013, to December 11, 2015, or at least the credit of 179 days sought by Petitioner in the DOC grievance proceedings, was actually taken away in the most recent DOC calculation of how Petitioner's sentences should be credited at Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) or Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County). ECF No. 30 at 2 ¶ 7.

On October 29, 2019, Petitioner filed yet another Motion, entitled Motion for Extraordinary Relief, ECF No. 31, wherein he complains that although he became eligible to be paroled as of October 23, 2019 (in view of the credit awarded by Judge Rangos' August 16, 2019 Order), he has not yet received a parole hearing and in fact is not scheduled to receive one until December 2020. Id. at 3 ¶ 4. By way of relief, Petitioner "ple[a]ds with this court to enter an order vacating petitioners [sic] sentence or in alternitive [sic] issue an order directing the respondent(s) to grant the petitioner parole." Id. ¶ 7.

Lastly, and most recently, on November 8, 2019, Petitioner filed a Motion for Relief. ECF No. 32. In the Motion for Relief, Petitioner requests as relief to "GRANT Petitioner parole" or provide him an evidentiary hearing. Id. at 4. The Motion for Relief is substantially repetitive of Petitioner's Motion for Extraordinary Relief.

6

## II. DISCUSSION

### A. Motion for Additional Time Credit (ECF No. 22)

At first, the Motion for Additional Time Credit appeared to be merely a motion that he had filed in the Allegheny County Court of Common Pleas given its caption. However, on the last page of the Motion for Additional Time Credit, Petitioner asserts that "[t]his motion for additional time credit and correction of sentence is in addition to the time credit issue raised in Shay vs. Gilmore et al. at Civil Action Number: 2:19-cv-00213 – MPK. I respectfully present this motion to be addressed at the same time." Id. at 5. In the Motion for Additional Time Credit, Petitioner seeks credit from August 4, 2012 to October 29, 2013 and references that third criminal case, namely, Commonwealth v. Shay, CP-02-CR-0012705-2011(Allegheny County), a case in front of the Judge Flaherty.

To the extent that Petitioner intended to address this Motion and his request for additional time credit to this Court, we find Petitioner's Motion for Additional Time Credit to constitute an attempted amendment to his habeas Petition, which he is making without leave of court as is required by the Fed. R. Civ. P. 15. However, given that Respondents previously filed their Answer, Plaintiff may not file an amendment to his Petition without leave of Court. As succinctly explained:

> The availability of the option of amending a petition depends in part on the stage of the case at which a petitioner seeks to amend. In this case, Petitioner moved to amend his petition to raise a claim of judicial bias well after Respondents filed their answer and, as a result, he may amend his petition only with Respondents' consent, which he does not have, or leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Siegel v. Giroux, CV 15-297, 2019 WL 1014730, at *16 (W.D. Pa. Mar. 4, 2019).

Instantly, we deny leave to amend to add this new claim for additional credit. We do so, based on the futility of amendment. We note that in habeas petitions, exhaustion of state court remedies "is a condition precedent to filing with the consequent burden of proving exhaustion on the habeas petitioner." Davis v. PA Dept. of Corrections, CV 15-587, 2016 WL 7131565, at *3 (W.D. Pa. Dec. 6, 2016). We further note that "the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, *i.e.*, was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her." Calhoun v. Glint, CIV.A. 14-189J, 2014 WL 5795565, at *3 (W.D. Pa. Nov. 6, 2014) (quoting *Richardson v. Miller*, 716 F. Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).").

Petitioner has failed to demonstrate that he has exhausted his state court remedies with respect to this new and distinct claim that he was entitled to credit for periods of time he served from August 4, 2012 to October 29, 2013. In fact, it appears from the publicly available dockets that in both of the criminal cases that he challenges herein, i.e., Commonwealth v. Shay, CP-02-CR-0000290-2006 (Allegheny County) or Commonwealth v. Shay, CP-02-CR-0000918-2007 (Allegheny County), he filed in those cases the very same Motion for Additional Time Credit on August 5, 2019, which he filed in this Court and which appears to be yet pending in those two

8

cases.[3] Accordingly, not only has Petitioner failed to show that he exhausted his state court remedies with respect to this new and discrete claim of time credit but the publicly available dockets affirmatively indicate that he has not exhausted his state court remedies.

Accordingly, treating the Motion For Additional Time Credit as a deemed Motion for Leave to Amend his Petition to add this new claim, we hereby deny the Motion as futile given that Petitioner fails to carry his burden to show that he exhausted his state court remedies as to this new discrete claim, and in fact, the public dockets of the Court of Common Pleas of Allegheny County affirmatively demonstrate that he has not exhausted this new claim. Of course, this denial is without prejudice to Petitioner raising the new claim in a new habeas petition but only after he has exhausted his state court remedies with respect to this new discrete claim.

### B. Motion to Compel (ECF No. 26)

The same reasoning with respect to the Motion for Additional Time credit applies equally to Petitioner's Motion to Compel. Namely, even assuming Petitioner is correct in the Motion to Compel, his remedy is by way of, perhaps, a Motion for Reconsideration of Judge Rangos'

---

[3] The dockets of Petitioner's two criminal cases are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0000290-2006&dnh=0YWtkh5VLosMSe5ef5tAng%3d%3d

and

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0000918-2007&dnh=7iflluOOgieGvmaG22S4ww%3d%3d

(sites last visited 11/12/2019).

9

August 16, 2019 Order[4] and if denied, then perhaps by way of an appeal from that order to the Pennsylvania Superior Court. Petitioner's conclusory and repeated allegations of alleged bias against him by Judge Rangos does not excuse him from exhausting his state court remedies, especially in view of his opportunity to appeal adverse rulings from her to the Superior Court. To the extent that Judge Rangos has not or does not render a decision on his pending motions in the Court of Common Pleas for Additional Time credit, his remedy is not to come here to federal court to seek relief but to seek appropriate relief in the state courts, including seeking mandamus relief in a higher state court, if that be proper. Accordingly, Petitioner's Motion to Compel is denied as an attempt to amend his original Petition because he clearly has not exhausted his state court remedies with respect to the alleged errors in Judge Rangos' August 16, 2019 Order.

### C. Motion for Extraordinary Relief (ECF No. 31)

The foregoing reasoning of failure to exhaust applies equally to Petitioner's Motion for Extraordinary Relief and, it applies so clearly, the we need not require a response from the Respondents. Accordingly, the Motion for Extraordinary Relief is denied, as well, as an attempt to amend his original Petition to raise issues arising after the original Petition was filed and for which he has not demonstrated exhaustion of state remedies.

### D. Motion for Relief (ECF No. 32)

Again, as to this motion, the foregoing reasoning of failure to exhaust also applies equally to Petitioner's Motion for Relief, and, it applies so clearly, the we need not require a response from the Respondents. Accordingly, the Motion for Relief is denied, as well, as an attempt to amend his original Petition to raise issues arising after the original Petition was filed and for which he has not demonstrated exhaustion of state remedies.

---

[4] It may be helpful for the parties to file proposed orders for the Common Pleas Court Judge in any motions filed in that court, so as to attempt to avoid future issues.

Lastly, Petitioner is advised that if he files any additional motions for claims arising after the initiation of this Petition, they are subject to the same reasoning above and will be addressed summarily by simple reference to this Order and his failure to establish exhaustion.

For the reasons stated herein, it is hereby ORDERED that Petitioner's Motions filed at ECF Nos. 22, 26, 31 and 32 are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: November 14, 2019       BY THE COURT:

*[signature]*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   KEVIN R. SHAY
      LH1546
      SCI Greene
      169 Progress Dr.
      Waynesburg, PA 15370

      All Counsel of record via EM-ECF

11